UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ROBERT CARMELO TORRE, | 5:24-CV-5030 |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF CALIFORNIA, California Department of Justice; GAVIN NEWSOME, Governor; ROBERT BONTA, Attorney General; and SELVI STANISLAUS, Franchise Tax Board, | |
| Defendants. | |

*Pro se* complaints enjoy a bulwark against premature dismissal, which require that such pleadings "be given liberal construction"[1] by a court. As a result, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[2] Nevertheless, the Constitution's Eleventh Amendment generally grants states sovereign immunity from suit, and may dwarf and dispose of the most liberal construction in this bulwark afforded to *pro se* pleadings, invoking procedural due process rights.

Robert Carmelo Torre ("plaintiff"), a resident of South Dakota at the time of his alleged harm, filed a *pro se* suit against the defendants—the State of California, its Governor, Attorney General and Executive Officer of the Franchise Tax Board. Plaintiff alleges that the defendants violated his Fourteenth Amendment due process rights under the color of law and seeks punitive and compensatory damages against defendants.

---

[1] Erickson v. Pardus, 551 U.S. 89, 94 (2007).
[2] *Id.*

1

The State of California *et al.* ("defendants"), filed a motion to dismiss plaintiff's complaint based upon: (1) Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of jurisdiction, and for failure to state a claim upon which relief can be granted; and (2) State sovereign immunity.

## BACKGROUND

Plaintiff claims he is ignorant of the facts and circumstances, which allegedly caused plaintiff's right to be deprived. The Court therefore begins its analysis using the alleged facts in plaintiff's complaint and accepts these facts as true.

Plaintiff lived in South Dakota when plaintiff's bank notified plaintiff that the California Franchise Tax Board had garnished $196.00, and an additional fee of $125.00 from plaintiff's bank account. Plaintiff alleges he did not receive notice and a subpoena, and was not afforded a hearing prior to the garnishment of money from his bank account. As a result, plaintiff argues that the defendants deprived him of his due process rights under the Fourteenth Amendment.

Plaintiff further alleges that plaintiff lived in South Dakota and was physically present in the State when Wells Fargo notified plaintiff of the garnishment from his bank account. Hence, plaintiff asserts that the defendants had no jurisdiction to commence legal action against him. Although plaintiff admits in his Complaint that he does not believe the defendants are planning to make future garnishments from his account, plaintiff now claims that he has no idea whether the defendants will make future collections from his account.

In summary, plaintiff alleges that the defendants deprived plaintiff of his Fourteenth Amendment due process rights under the color of law. Plaintiff named the State of California, its Governor, Attorney General, and the Executive Officer of the Franchise Tax Board, as defendants in their official capacities. Plaintiff seeks compensatory and punitive damages against the defendants pursuant to 42 U.S.C. § 1983.

## LEGAL STANDARD

In a motion to dismiss review under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all facts in the complaint are true and construes any reasonable

inferences from those facts in the light most favorable to the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion, the court may consider the complaint, materials that are part of the public record, or materials necessarily embraced by the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555. In addition, the factual contents of the complaint must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Braden v. Walmart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Courts "are [however] not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

Complaints by *pro se* plaintiffs must however "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); Accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "When we say that a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d at 787 (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

*Pro se* litigants must, however, still present cognizable legal claims to this Court. Although the Court must accept as true any well-pleaded facts, the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). And "the court need not act as a clairvoyant, trying to read the tea leaves of a *pro se* motion to determine what the movant actually seeks. A litigant, even a *pro se* one, bears some responsibility for advocating for himself." <u>In re Heyl</u>, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

## DISCUSSION

## I.   JURISDICTIONAL ANALYSIS

This Court must first address the issue of jurisdiction because, "[w]hen it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits of the case. In such a situation the action should be dismissed for want of jurisdiction." <u>Melo v. United States</u>, 505 F.2d 1026, 1030 (8th Cir.1974).

### A. Diversity Jurisdiction.

District Courts have jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" <u>Larkin v. Brown</u>, 41 F.3d 387, 388 (8th Cir. 1994) (quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938)).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." <u>OnePoint Sols., LLC v. Borchert</u>, 486 F.3d 342, 346 (8th Cir. 2007). "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." <u>Great River Ent., LLC v. Zurich Am. Ins. Co.</u>, 81 F.4th 1261, 1262 (8th Cir. 2023).

Here, plaintiff's complaint seeks punitive and compensatory damages in the amount of $10,000,000 against the State of California, $1,000,000 against the Governor, $1,000,000 against the Attorney General and $1,000,000 against the Executive Director of the Franchise Tax Board. The total amount of plaintiff's alleged claim far exceeds the required jurisdictional amount of $75,000. Plaintiff's claim, however, does not meet the

requirement of good faith needed to confer jurisdiction because, *inter alia*, it failed to provide any competent proof to support the damages sought. Therefore, plaintiff's complaint lacks diversity jurisdiction and the issue of complete diversity of citizenship is irrelevant.

### B. Federal Question Jurisdiction.

District Courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Merely identifying a federal issue is not enough to confer federal jurisdiction; the right being enforced must arise from federal law. Cagle v. NHC Healthcare-Maryland HEighth s, LLC, 78 F.4th 1061, 1066 (8th Cir. 2023). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Consequently, the Court now turns to address the two statutes invoked by plaintiff—42 U.S. Code § 1981a and 42 U.S. Code § 1983.

### 1. Plaintiff Alleges Jurisdiction Under 42 U.S.C. § 1981a.

Section 1981a provides a right of recovery for limited civil rights actions, employment discrimination under the Civil Rights Act of 1964, and the American with Disabilities Act (ADA). To state a claim for relief under Section 1981a, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955.

Plaintiff neither alleged any facts, nor made a claim that is facially plausible to allow this Court to draw any reasonable inference that the defendants violated plaintiff's federal statutorily protected rights under 42. U.S. Code § 1981a. Plaintiff failed to state or support a claim that plaintiff was employed or discriminated against in that employment, in order to claim that his rights were violated under Section 1981. Plaintiff also failed to establish the required facts to bring a civil rights action in those limited circumstances

under Section 1981a. In essence, plaintiff failed to state a claim upon which relief can be granted, and as a result, there is no federal question jurisdiction based on 42 U.S. Code § 1981a.

### 2. Plaintiff Alleges Jurisdiction Under 42 U.S.C. § 1983.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution or laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under the color of state law and that he or she violated a right secured by the federal Constitution or a federal statute. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir. 1999).

Here, plaintiff alleges that the defendants in their official capacities deprived plaintiff of his Fourteenth Amendment due process rights when defendants failed to provide notice and a hearing prior to garnishing plaintiff's bank account.

In a case before the Eighth Circuit, which was partly based upon a claim under Section 1983, plaintiff argued that she did not receive notice and a hearing before the defendants attached funds in her bank account. Lind v. Midland Funding, L.L.C., 688 F.3d 402 (8th Cir. 2012). The Eighth Circuit affirmed the lower court's decision, and concluded that, the "plaintiff was not entitled to pre-deprivation notice and hearing, after considering due process concerns about prejudgment and post judgment garnishment procedures, and the practical constraints on garnishing a bank account." Id. at 402, 405 (8th Cir. 2012).

The Eighth Circuit reasoned that although the plaintiff was entitled to notice and a hearing, this right was limited by a requirement that the notice must be "reasonably calculated." Id. at 402, 406 (8th Cir. 2012) (quoting Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d 734, 737 (8th Cir.2008); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)). The Eighth Circuit explained that "[d]ue process is a flexible concept, requiring only 'such procedural protections as the particular situation demands.'" Clark v. Kansas City Mo. Sch. Dist., 375 F.3d 698, 702

6

(8th Cir.2004) (quoting <u>Mathews v. Eldridge</u>, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

For example, a plaintiff's pre-deprivation notice and hearing are not always required for attachment statutes to satisfy due process. <u>Mitchell v. W.T. Grant Co.</u>, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and <u>N. Ga. Finishing, Inc. v. Di–Chem Inc.</u>, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

The Eighth Circuit also reasoned that, "[i]n both the prejudgment and post-judgment contexts, postponing notice and hearing until attachment has occurred generally serves a creditor's interest in preventing the waste or concealment of a debtor's assets." <u>Lind</u>, 688 F.3d 402, 408 (8th Cir. 2012); <u>See</u> <u>Mitchell v. W.T. Grant Co.</u>, 416 U.S. at 608–09, 94 S.Ct. 1895; <u>Brown v. Liberty Loan Corp. of Duval</u>, 539 F.2d at 1367.

Moreover, "when the creditor's interest is weighed against a judgment debtor's interest in the continued use and possession of his property . . . post-deprivation notice and hearing can satisfy due process so long as it is 'prompt' or 'expeditious.'" <u>Reigh v. Schleigh</u>, 784 F.2d 1191, 1198 (4th Cir.1986); <u>Trans–Asiatic Oil Ltd. S.A. v. Apex Oil Co.</u>, 743 F.2d 956, 960 (1st Cir.1984); <u>Finberg v. Sullivan</u>, 634 F.2d 50, 59 (3d Cir.1980); <u>Brown</u>, 539 F.2d at 1368.

The Eighth Circuit further reasoned that "other circuits have found that post-deprivation notice and hearing can satisfy due process so long as it is "prompt" or "expeditious." <u>Midland Funding, L.L.C.</u>, 688 F.3d at 402; <u>See</u> <u>Reigh</u>, 784 F.2d at 1198; <u>Trans–Asiatic Oil Ltd. S.A. v. Apex Oil Co.</u>, 743 F.2d 956, 960 (1st Cir.1984); <u>Finberg v. Sullivan</u>, 634 F.2d 50, 59 (3d Cir.1980); <u>Brown</u>, 539 F.2d at 1368.

Here, this Court finds that the alleged violation of plaintiff's due process rights was reasonably calculated, and that a pre-deprivation notice and hearing was not required to satisfy due process because of the following reasons. One, the postponement of a pre-deprivation notice and hearing served the defendants' interest in preventing the waste or concealment of plaintiff's assets from plaintiff's bank account. Two, plaintiff's due process right was upheld by a post-deprivation notice in the form of a monthly bank statement. Moreover, plaintiff's bank provided plaintiff with a letter, which also achieved

7

timely notice—a standard the Eighth Circuit and other circuits have found to satisfy due process. Given the preceding reasoning, the Court finds that plaintiff also failed to state a claim under 42 U.S. Code § 1983 because plaintiff's due process rights were not violated under the circumstances. Accordingly, there is no federal question jurisdiction.

## II.    DEFENDANTS INVOKE SOVEREIGN IMMUNITY FROM SUIT.

This Court now turns to address the defendants' motion to dismiss based on the Eleventh Amendment's state sovereign immunity. The Eleventh Amendment generally bars suits against a state and prevents federal courts from hearing such suits, unless: (1) the state has waived its sovereign immunity; or (2) Congress has abrogated the state's immunity. Seminole Tribe of Florida v. Florida, 517 US 44, 54 (1996). See Doe v. Nebraska, 345 F.3d 593, 597 (8th Cir. 2003) (explaining that states can waive sovereign immunity).

The state's immunity from suit extends to bar a § 1983 lawsuit against a state agency or state official in [their] official capacity even if the entity is the moving force behind the deprivation of the federal right." Larson v. Kempker, 414 F.3d 936, 939 n.3 (2005). See Denke v. S.D. Dep't of Soc. Servs., 829 F.2d 688, 689 (8th Cir. 1987) (recognizing the Eleventh Amendment bars suits "against the state or one of its agencies").

State officials may however be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. Monroe v. Arkansas State Univ., 495 F.3d 591, 594 (8th Cir. 2007); See Ex Parte Young, 209 U.S. 123 (1908) (a seminal case, which held that sovereign state immunity does not apply to a request for injunctive relief against state defendants in their official capacity).

While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"). Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

Here, the State of California, its agencies and state officials are immune from plaintiff's damages claim due to the following reasons. One, the State of California has

8

not consented to the suit or waived its immunity. Moreover, plaintiff also failed to allege or show that Congress has abrogated the immunity of the defendants. Two, given that the State of California has not consented to this suit or waived its immunity, the Eleventh Amendment protection extends to protect the State of California's agencies and its officers from this suit.

Three, plaintiff does not meet the *Ex Parte* Young exception for an injunctive relief against the officers in their official capacity because, plaintiff alleges a past violation which is not ongoing at the time the suit was filed. See Monroe v. Arkansas State Univ., 495 F.3d 591, 594 (8th Cir. 2007). Four, although federal courts provide a forum to address deprivations of civil liberties, this Court is an improper forum for plaintiff's suit because plaintiff seeks a remedy in the form of punitive and compensatory damages due to the alleged violations of his constitutional rights against defendants that are immune from such relief.

## ORDER

Based upon the foregoing, it is HEREBY ORDERED:

1.  Defendants' motion, Doc. 9, is granted; and,

2.  Plaintiff's complaint is dismissed with prejudice.

DATED this 16th day of September, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge