UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ROBERT CARMELO TORRE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF JUSTICE; GAVIN CHRISTOPHER NEWSOM, GOVERNOR, OFFICE OF GOVERNOR; ROB ANDRES BONTA, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE; AND SELVI C. STANISLAUS, EXECUTIVE OFFICER, FRANCHISE TAX BOARD;<br><br>Defendants. | 5:24-CV-05030-CBK<br><br>ORDER |

Plaintiff instituted this suit against the State of California, the governor and attorney general of California, and the head of a California taxing agency under 42 U.S.C. § 1981, challenging the collection of a tax debt in the amount of $321.00 from his bank account without due process. Defendants filed a motion to dismiss, which was granted on September 16, 2024. Plaintiff has filed a motion for an order requiring defendants to reimburse plaintiff for the costs of service because defendants did not waive service of the summons and complaint.

Pursuant to Fed. R. Civ. P. 4(d)(1) provides:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

Rule 4(d)(2) provides penalties for failure to waive without good cause, including paying to plaintiff the expenses incurred in making service.

Plaintiff is not entitled to seek reimbursement of the costs of service because Rule 4(d) specifically excludes defendants from the provisions of Rule 4(d). Service upon the State of California and its officers and agencies is accomplished pursuant to Fed. R. Civ. P. 4(j)(2). The Advisory Committee on Rules – 1993 Amendments, provides, in relevant part:

> The request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service . . . The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j). Moreover, there are policy reasons why governmental entities should not be confronted with the potential for bearing costs of service in cases in which they ultimately prevail.
>
> \* \* \*
>
> **Subdivision (j).** This subdivision retains the text of former subdivision (d)(6) without material change. The waiver-of-service provision is also inapplicable to actions against governments subject to service pursuant to this subdivision.

Defendants were not served pursuant to Rule 4(e), (f), or (h) and are not subject to the waiver of service provisions nor the penalty provisions.

Plaintiff should not, in any event, be entitled to reimbursement. He did not prevail on the merits of his claims. In fact, his complaint was dismissed for lack of jurisdiction, failure to state a claim, and sovereign immunity.

Now, therefore,

IT IS ORDERED that plaintiff's motion, Doc. 25, for reimbursement of the costs of service is denied.

DATED this 29th day of May, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2